[NOT FOR PUBLICATION]

United States Court of Appeals
For the First Circuit


No. 96-1910

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

JONATHAN S. LEVESQUE,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge] 



Before

Lynch, Circuit Judge, 

Aldrich and Bownes, Senior Circuit Judges. 



Jonathan R. Saxe, with whom Twomey & Sisti Law Offices were 
on brief, for appellant.

David A. Vicinanzo, Assistant United States Attorney, with 
whom Paul M. Gagnon, United States Attorney, and Peter E. Papps, 
First Assistant United States Attorney, were on brief, for
appellee.


MARCH 13, 1997


Per Curiam. Levesque appeals from the denial of Per Curiam. 

his motion to suppress which challenges the legality of

searches and seizures. Those searches and seizures, which

arose initially out of a routine traffic stop, produced

approximately 328 pounds of marijuana, which ultimately led

to criminal charges against Levesque, said to be the person

for whom the marijuana was intended. 

Two men from New Hampshire, one in a U-Haul truck

and one in a Dodge pick-up, were stopped on a Kansas highway

by state troopers and found to have marijuana hidden in those

vehicles. They were arrested. The driver of the pick-up

truck told the authorities that the marijuana was destined

for Jonathan Levesque. A controlled delivery was arranged,

and Levesque was subsequently arrested. Levesque pled guilty

to possession of marijuana with intent to distribute,

reserving his right to challenge the district court's denial

of his motion to suppress various items of evidence stemming

from the stops and searches of the U-Haul and Dodge trucks.

Levesque now appeals.

Like the district court, we do not reach the issue

of whether Levesque had standing to challenge the searches

and seizures at issue. The district court found that the

challenged searches and seizures were valid and conducted

within constitutional limits. We agree and affirm on the

district court's well-reasoned opinion. Local Rule 27.1. 

-2- 2

Affirmed. 

ON]

United States Court of Appeals

For the First Circuit



No. 96-1910

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

JONATHAN S. LEVESQUE,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

-3- 3

[Hon. Steven J. McAuliffe, U.S. District Judge] 



Before

Lynch, Circuit Judge, 

Aldrich and Bownes, Senior Circuit Judges. 



Jonathan R. Saxe, with whom Twomey & Sisti Law 
Offices were on brief, for appellant. 

David A. Vicinanzo, Assistant United States 
Attorney, with whom Paul M. Gagnon, United States Attorney, 
and Peter E. Papps, First Assistant United States Attorney, 
were on brief, for appellee.


MARCH 13, 1977


-4- 4

Per Curiam. Levesque appeals from the denial of Per Curiam. 

his motion to suppress which challenges the legality of

searches and seizures. Those searches and seizures, which

arose initially out of a routine traffic stop, produced

approximately 328 pounds of marijuana, which ultimately led

to criminal charges against Levesque, said to be the person

for whom the marijuana was intended. 

Two men from New Hampshire, one in a U-Haul truck

and one in a Dodge pick-up, were stopped on a Kansas highway

by state troopers and found to have marijuana hidden in those

vehicles. They were arrested. The driver of the pick-up

truck told the authorities that the marijuana was destined

for Jonathan Levesque. A controlled delivery was arranged,

and Levesque was subsequently arrested. Levesque pled guilty

to possession of marijuana with intent to distribute,

reserving his right to challenge the district court's denial

of his motion to suppress various items of evidence stemming

from the stops and searches of the U-Haul and Dodge trucks.

Levesque now appeals.

Like the district court, we do not reach the issue

of whether Levesque had standing to challenge the searches

and seizures at issue. The district court found that the

challenged searches and seizures were valid and conducted

within constitutional limits. We agree and affirm on the

district court's well-reasoned opinion. Local Rule 27.1. 

-2- 2

Affirmed. 

-3- 3